HARGROVE, ordinary, *vs.* LILLY, executor, *et al.*

1. Upon the testimony submitted, we cannot say that the finding of the auditor, to the effect that there was not sufficient evidence to authorize him in finding that the land in controversy had been purchased with county funds, was error.

2. Each county has a separate corporate existence, and is empowered to manage its own finances. Therefore, unpaid county taxes are not taxes due to the state, so as to be preferred to all other debts in the distribution of the estate of a decedent, next after the expenses of administration.

(*a.*) In the distribution of the estate of a deceased tax collector of a county, the claim of his widow for dower, and a decree in favor of one who sold land to the decedent, fixing a lien thereon, and other judgment liens, would each take precedence of a claim of the county for its taxes collected and never accounted for.

September 26, 1882.

New Trial. Taxes. Liens. Dower. Judgment. Before Judge CRISP. Dooly County. At Chambers. February 1, 1882.

The ordinary and county judge of Dooly county filed a bill against Lilly, executor of Calhoun, deceased, and Mrs. Calhoun the widow of decedent. Complainants alleged that Calhoun had been tax collector of the county for about seven years, and had collected taxes, but had failed and refused to account for them; that he was a very poor man, but while in office had bought real estate and used the county funds; that

he had died leaving an insolvent estate, and Lilly was proceeding to administer the property; that Mrs. Calhoun was seeking to have dower set apart to her out of the realty so left. The bill sought to subject the real estate; to enjoin the application for dower; for a decree for the amount of the default, etc.

. Defendants answered and filed a cross-bill, in which the executor sought to marshal the assets; set out various claims against the estate, including the widow's claim for dower, the expenses of administration, the year's support for the widow and children, a judgment by the vendor of the real estate for the balance of purchase money against the decedent, etc. The case was referred to an auditor, who reported that the testimony was not sufficient to establish the fact that the property had been purchased with the funds of the county, and that the widow was entitled to dower; that the decedent gave no bond as tax collector, and there was no lien on his property, but that the default ranked as an open account in the distribution of the assets. Exceptions were filed to the auditor's report. The case was submitted to the presiding judge, who overruled the exceptions and complainants excepted.

C. C. DUNCAN; DAVIS & RILEY; JOHN B. HOLMES; W. I. BROWN, by brief, for plaintiff in error.

J. H. WOODWARD; HAWKINS & HAWKINS, for defendant.

CRAWFORD, Justice.

The governing questions in this case are one of fact and one of law. The one of fact is, whether the property held by Wesley Calhoun the decedent, at the time of his death, was the property of the county or his own—he having exercised the functions of the office of tax collector for about seven years, without accounting for the taxes received, buying property meanwhile, and possessing none

of his own, as is alleged, when he entered upon the duties of his office.

The question of law is, whether the amount of money admitted to be due the county for taxes collected and unpaid, had priority over the wife's right of dower, a decree in favor of the vendor for the unpaid part of the purchase money due on the decedent's land, and other judgment liens.

1. The case was referred to an auditor, who reported that the testimony was not sufficient to establish the fact that the property of the deceased had been purchased with the county funds, to authorize him in so finding. This was excepted to by the complainant, and upon its being submitted to the judge without the intervention of a jury, he sustained that finding of the auditor. Upon the testimony submitted to him, we cannot say that his judgment on the facts was wrong, as to have found that it was the money of the county would have been but an inference.

Such being the settled fact, there was no equitable title in the county, nor was the deceased a trustee by implication or otherwise.

2. The legal question must be settled by the statute regulating and directing the payment of debts by executors and administrators, and that giving to the wife the right of dower.

First then as to the priority of debts, which is declared to be as follows: The funeral expenses, including the physician's bill and expenses of the last sickness, the necessary expenses of administration, including a provision for the support of the family, unpaid taxes, or other debts due the state or United States, debts due by deceased as executor, administrator, guardian or trustee, then judgments, mortgages, etc.

Under the foregoing provisions, the claim of the county could only be paid before the others upon the ground that it was a debt due the state. Is it then a debt due

the state? We think not. Each county is a body corporate with such powers and limitations as may be prescribed by law. Suits may be brought by, or against, a county in the name thereof. Art. 10, Sec. 1, Par. 1, Constitution.

Contracts may be entered into with a county as provided by law. It may own property, incur debts, levy taxes, ordinary and extraordinary, upon proper recommendation, and have legal process for the collection thereof from the tax-payers, or other persons having the same in their hands; indeed it has an existence, with such rights and powers as to separate itself in its financial matters from the balance of the state, and may levy its taxes for revenue, provide and direct how they may be collected and disbursed, without interference from any of its sisters. The taxes levied for county purposes belong to the county, and cannot be taken from it by the state. How, then, can it be maintained that this money is due the state, when she could not be heard to claim it, if it were collected? It was not levied for her use, and in a contest with the county therefor, no judicial tribunal would award it to her. And to put it beyond dispute or cavil, section 551 of the Code declares that all county funds are to be paid to, and disbursed by, the county treasurer, whereas, section 91 of the Code declares that the state treasurer shall receive, keep, and pay out all the money belonging to the state.

Many decisions of this court have recognized the distinction between levies of taxes for state, and taxes for county purposes. *27 Ga.,* 355; *47 Ib.,* 643; *51 Ib.,* 254; *52 Ib.,* 233.

It is hardly necessary to say that the unpaid taxes referred to in the sections of the Code cited, are intended to provide for such as may be due from the individual on his own personal tax.

It is to be kept in mind that we are dealing with the priority of debts against decedents, and not against insolvents.

On the matter of the wife's right of dower, that question is settled beyond controversy in her favor, wherever it appears that the husband dies seized and possessed of any real estate, unless it is lost or barred by some act of the wife, which is not pretended in this case.

It will be seen that,.under the view which we take of this case, the decree in favor of the vendor fixing a lien upon this land has priority over the debt due the county and must be first paid, and so of the judgments.

Let the judgment of the court below be affirmed.