JONES *v.* COONER.

1. A conveyance by the heirs of a decedent at the instance of a widow will not estop the minor children of the decedent from having assigned to them a year's support from the estate of their deceased father.

2. Though a widow may be estopped from asserting her claim for a year's support, such estoppel will not debar her minor children from applying for and having assigned to them a year's support in their deceased father's estate.

3. The caveat which urged the minors' deed as an estoppel, being insufficient for that purpose, was likewise insufficient as an assertion of an adverse title; because a caveator can not assert in opposition to the grant of a year's support a title antagonistic to that of the estate.

DECEMBER 13, 1911. REHEARING DENIED FEBRUARY 29, 1912.

Application for year's support.   Before Judge Conyers.   Camden superior court.   April 4, 1911.

S. C. *Townsend,* for plaintiff.   D. S. *Atkinson,* for defendant.

EVANS, P. J.   The judgment complained of is the refusal of the court to strike a caveat to an application for year's support.   The applicant for year's support was the widow of J. A. Peeples Jr., who applied in behalf of herself and minor children; and the appraisers set apart a described tract of land, as being all of the estate of her deceased husband, and of a value less than $500.   The caveator denied her right to a year's support in half of the land, because he had purchased it from certain named persons who were the heirs of her deceased husband, after his death, with the consent and at the instance of the widow, and had entered into possession of the land under his purchase.   Applicant for year's support moved to strike the caveat, on the ground that it was in effect a claim to realty, which the court of ordinary was without jurisdiction to determine.   The motion was overruled.

It is well settled that the court of ordinary has no jurisdiction to try and determine conflicting claims of ownership of property, arising between a widow applying for the setting apart of a year's support and a person asserting title adversely to the estate of her deceased husband.   *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790), and cases cited.   However, it is contended that the caveat in this case is not an assertion of an adverse title by a stranger, but sets up an estoppel by a privy in estate of the heirs at law of the decedent against the right of the widow and minor children to have a year's support in land purchased by him from the heirs at law at the instance of the widow.   The caveat names the persons from whom the caveator claims to have purchased the land, and declares them to be heirs at law of J. A. Peeples Jr., but does not say they are all of the heirs at law.   The application for a year's support is not in the record, but both the return of the appraisers and the caveat describe it as having been made in behalf of the minor children, though neither discloses their names.   The only conclusion deducible from the record is that either the caveator claims to have bought from adult heirs, excluding the minor children, or purchased from the minors themselves.   If he did not buy from the minors, of course they are not estopped unless they are bound by the conduct of their mother.   After a year's support in land has been

assigned to a widow and minor children, she may bind the beneficiaries by her conveyance of the land pursuant to a sale made for the support of the minors. *Bridges* v. *Barbree,* 127 *Ga.* 679 (56 S. E. 1025). But she can not divest her children of their right to a year's support from the estate of their father, or their interest as heirs at law, by a disposition of the estate of their father. If the caveator purchased from the minors, they could repudiate their deed. Estoppels do not apply to or affect infants, except in cases where an infant's fraudulent act or representation is made with a view to deceive or defraud. Herman on Estoppel and Res Adjudicata, § 584. There is no allegation in the caveat effective to bring the case within the exception to the general rule.

The statute gives a right to a year's support to the minor children, as well as the widow; and if she estops herself from afterwards applying for a year's support, that estoppel will not operate against her children. The statute also requires that if the estate be less than $500, all of it shall be set aside as a year's support; and it would be immaterial whether the beneficiaries embraced the widow and minor children, or the minor children alone. So that even if we consider the facts alleged in the caveat sufficient to estop the widow from applying for a year's support, certainly they are insufficient to bar the minor children of their right to a twelve months' support from the estate of their deceased father. *Gibbs* v. *Land,* 136 *Ga.* 261 (71 S. E. 136). We think the objection to the caveat sufficiently comprehensive to include the point that the caveator is attempting to set up his title in antagonism to the right of the minors to a year's support; for if the conveyance by the heirs be not good as an estoppel, the only effect of the allegation of such deed would be to assert a claim of title, which can not be done in a caveat to a year's support. The court erred in refusing to strike the caveat.

The caveat also set up that the estate exceeded $500 in value, and that the minors had received an equivalent of a year's support from the sale of certain personalty and from the use of the remainder of the property belonging to the decedent. Only heirs, their privies, and creditors may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father. The application for a year's support is in behalf of the widow and her nine minor children, without disclosing

their names; the caveat asserts that the caveator is a purchaser from certain named persons as heirs of the decedent. Inasmuch as the widow and children would be the only heirs of the decedent, and the caveator does not claim to have purchased from the widow, but claims to have purchased one half of the land from certain persons alleged to be heirs, the burden is on the caveator to allege all the facts to show that those from whom he claims to have bought the land were the adult children of the decedent, before he could contest the minors' application for a year's support. If his vendors were the minor children, their conveyance would not operate to give the purchaser a right to caveat their application, for the reasons already pointed out. If the purchaser's vendors are not the applicants for year's support, the caveat may be amended, disclosing that fact, so as to authorize an inquiry into the grounds of caveat contesting the minors' right to a year's support.

*Judgment reversed. All the Justices concur.*