## STATE OF GEORGIA *v.* KILLENS *et al.*

1. The city court of Bainbridge had jurisdiction of proceedings instituted by the solicitor of that court to condemn the vehicle being used to transport prohibited liquors, under the provisions of section 20 of the act of the General Assembly of Georgia, passed at the extraordinary session in. 1917, approved March 28, 1917, entitled, "An act to amend and supplement the prohibition laws of this State," etc. Acts Ex. Sess. 1917, p. 7.

2. Section 20 of the act of 1917 just referred to is not in violation of the constitutional provision against the passage of laws impairing the obliga-. tion of contracts.

3. Nor is that portion of the act under consideration unconstitutional on the grounds: (*a*) that it is violative of the due-process clauses of the State and Federal constitutions; (*b*) that it is violative of the provision of the constitution of Georgia which declares that "No conviction shall work corruption of blood, or forfeiture of estate;" (*c*) that it is violative of the constitution of this State, which declares that no special law shall be enacted in any case for which provision is made by an existing general law; (*d*) that it authorizes the taking and damaging of private property for public purposes without just and adequate compensation being first paid.

### No. 1504. JANUARY 17, 1920.

Condemnation under liquor law. Before Judge Spooner. City court of Bainbridge. June 21, 1918.

A policeman and arresting officer of the City of Bainbridge, Georgia, on April 14, 1917, seized an automobile containing several bottles of malted liquors and about one half pint of alcoholic and spirituous liquors. The solicitor of the city court of Bainbridge instituted proceedings in behalf of the State, to condemn the vehicle, as prescribed in section 20 of the act of the General Assembly approved March 28, 1917 (Acts Ex. Sess. 1917, p. 7), being an act to amend and supplement the prohibition laws of the State, then in force. The owner of the automobile and the person in possession of it when it was seized resisted the proceedings, raised a question of the jurisdiction of the city court of Bainbridge, and attacked the act of 1917 on constitutional grounds. The court dismissed the proceedings, and the State excepted.

*M. E. O'Neal, solicitor,* and *J. C. Hale,* for plaintiff.

*T. S. Hawes,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. The city court of Bainbridge, under the provisions of section 20 of the act of 1917 referred to in the foregoing statement, had jurisdiction of the proceedings. It is declared in section 20 of that act that "All vehicles and conveyances of every kind and description

which are used on any of the public roads or private ways of this State, and all boats and vessels of every kind and description which are used in any of the waters of this State, in conveying any liquors or beverages the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city, or superior court having jurisdiction in the county where the seizure was made, whose duty it shall be, within ten days from the time he received said notice, to institute condemnation proceedings in said court by petition." This language is explicit. And where the seizure of a vehicle carrying prohibited liquors was reported to the solicitor of the city court, it was the duty of the solicitor thus notified to institute proceedings in the court of which he was solicitor, and the city court in which the proceedings were thus instituted had jurisdiction under the terms of the act. This is a purely statutory proceeding to subject to the penalties declared in this act the vehicle in which prohibited liquors are carried; and it has none of the elements of condemnation proceedings to subject private property by the right of eminent domain, or to condemn private property to public uses, under the constitution and the statutes passed in pursuance thereof; and the objection to the jurisdiction of the city court in this proceeding, based upon the contention that under the provisions of the constitution, as to the condemnation last referred to, only the superior court has jurisdiction, is without merit.

2. The ruling made in headnote 2 requires no elaboration. If as a matter of fact the automobile in controversy is not the property of the person in whose possession it is found, but is actually the property of another person, or another has a bona fide lien upon it and is not in any way a participant in the criminal act or enterprise being carried on when the machine is seized, his right can be protected in proper proceedings. A bona fide contract between the vendor of the automobile and the person or persons in possession of it at the time it was seized, whereby title was reserved in the vendor, may be asserted, as this court has ruled. *Shrouder* v. *Sweat,* 148 *Ga.* 378 (96 S. E. 881).

3. The ruling made in headnote 3 is based upon the decision in the case of *Mack* v. *Westbrook,* 148 *Ga.* 690 (98 S. E. 339). See also, in this connection, the case of *Delaney* v. *Plunkett,* 146

*Ga.* 547 (91 S. E. 561; L. R. A. 1917D, 926, Ann. Cas, 1917E, 685).

It follows from the rulings here made that the court erred in dismissing the proceedings instituted by the solicitor.

*Judgment reversed. All the Justices concur.*