WOOD, commissioner, etc. *v.* PURITAN CHEMICAL CO.

GILBERT, J. Puritan Chemical Company brought mandamus against Wood, sole commissioner of roads and revenues of Whitfield County, to require him to enter on the minutes of the commission a contract entered into in writing with R. F. Nelson, warden of the chain-gang, during the year 1932, by authority of named commissioners, predecessors of the defendant. Defendant demurred generally and specially to the petition. The court overruled the demurrers, and the defendant excepted. *Held:*

1. "Powers of all public officers are defined by law, and all persons must take notice thereof. The public can not be estopped by the acts of any officer done in the exercise of a power not conferred." Civil Code (1910), § 303. Persons dealing with a public officer must take notice of the extent of his powers at their peril. *Laing* v. *Mayor &c. of Americus,* 86 *Ga.* 756 (13 S. E. 107).

2. When the affairs of a county are administered by a board of commissioners, their powers are prescribed in the act creating such board, and such boards have no powers except such as are conferred by statute. *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 483, 487 (61 S. E. 23).

3. "All contracts entered into by the ordinary with other persons in behalf of the county must be in writing and entered on their minutes." Civil Code (1910), § 386. Where a board of commissioners, or a board consisting of a single commissioner, has been created to take the place of the ordinary in the management of certain county affairs, the same law applies with respect to entering contracts on their minutes.

4. The court erred in overruling the demurrers calling for specific information as to the authority alleged to have been granted by the board of commissioners to the warden of the chain-gang.

5. According to the allegations of the petition, construed in connection with the special demurrer, no specific authority is shown to have been

granted by the commissioners to the warden of the chain-gang to execute the contract which petitioner seeks by mandamus to have entered upon the minutes. The petition must also show that the contract was one executed in virtue of authority which could be delegated by the proper county officer or officers.

6. "In a suit for mandamus, the duty which the complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication; and the law must not only authorize the act to be done, but must require its performance." *Johnson* v. *Arnold*, 176 *Ga.* 910, 912 (169 S. E. 505); *Sibley* v. *Park*, 175 *Ga.* 846 (166 S. E. 212).

7. It necessarily follows from the preceding rulings that the court erred in overruling the demurrer to the petition.

*Judgment reversed.* *Russell, C. J., Beck, P. J., and Atkinson and Bell, JJ., concur.*

No. 10011. JANUARY 18, 1934.

*J. A. McFarland,* for plaintiff in error.
*Oliver R. Hardin* and *Carlton C. McCamy,* contra.