26008. PAULK *v.* CITY OF OCILLA *et al.*

DECIDED MARCH 11, 1937.

*W. R. Mixon, Philip Newbern, McDonald & McDonald,* for plaintiff.

*Dwight L. Rogers, E. C. Collins, Wheeler & Kenyon,* for defendants.

FELTON, J. This case arises on exceptions taken to the overruling of demurrers filed by a widow to the objections filed by the City of Ocilla to the return of appraisers setting apart to her a year's support, and to the direction of a verdict by the judge of the superior court, to which the case was appealed by consent. The appraisers set apart to the widow a lot in the City of Ocilla which they valued at $1200. The city filed objections to this return, alleging, in substance, that the return was excessive; that the estate of the deceased, out of whose property the support was set apart, consisted of other real estate and certain personal property worth $12,000 or other large sum in excess of a reasonable provision for the widow's year's support, which property was free from liens or debts; that the city lot set apart to the widow was subject to a paving-assessment lien for about $1100; that the city

lot so set apart was the property of F. M. Flournoy at the time the paving lien attached to it, and the deceased acquired the property about three years thereafter; and that the paving lien is superior to the rights of the widow under the year's support. The widow demurred generally and specially to the objections.

The general demurrer should have been sustained. The City of Ocilla was not a creditor of the deceased, under the allegations of the objections to the return, and it had no interest except in the lot on which it had a lien. Therefore the City of Ocilla had no interest which would entitle it to object to the return on the ground of excessiveness unless the excessiveness of the return affected its lien on the property. The objections show on their face that the city was not in any way hurt or prejudiced by the return of the appraisers. It alleges that the lien attached to the property set apart while it was not owned by the deceased, that he acquired it after such lien attached, and that under the circumstances the lien of the city was of superior dignity to the right of the widow under the report setting the lot apart to her as a year's support. Under the authority of *Murphy* v. *Vaughn,* 55 *Ga.* 361, the setting apart of the year's support to the widow could not have interfered with the rights of the city in any way. This ruling is not based on the theory that the City of Ocilla under no circumstances could have objected to the return because it was not such a "person concerned" as would have such a right. It is based on two propositions, one that the city has a prior lien and it is therefore useless for it to object; and the other is that the superior court, sitting as the court of ordinary, has no greater powers than the court of ordinary. *Smith* v. *Watkins,* 183 *Ga.* 555, 559 (188 S. E. 910). The court of ordinary is without jurisdiction to pass on the priority of liens and claims to property. If the city had had a deed to secure debt to the property in question, it certainly could not be seriously contended that it could urge objection to a year's support in the court of ordinary, based on the fact that it had a claim which was superior in dignity to the year's support. The same would be true if it owned the lot outright. The decision in *Bearden* v. *Baldwin,* 174 *Ga.* 191, 198 (162 S. E. 802), is not authority to the contrary, for in that case the caveat was to the grant of administration, and it is distinguishable on its face from the instant case. The decision in

*Casey* v. *Casey,* 151 *Ga.* 169 (106 S. E. 119), is simply authority for the proposition that a jury in the superior court may fix the amount of a year's support and designate the property to be set aside and from which it should be set aside. This, of course, is based on the assumption that a valid caveat exists.

The overruling of the general demurrer was error. All other proceedings were nugatory, and it is not necessary to pass on the other assignments of error.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. D. H. Paulk of Ocilla, Irwin County, died on February 24, 1935. On April 8, 1936, his widow filed an application for a year's support out of the estate, and the appraisers thereof made their return, setting apart to her a certain city lot in Ocilla, which they valued in their return at $1200. The City of Ocilla filed a caveat to this return, and objected to the setting apart of the city lot as a year's support, setting up, among other things, that it had a paving-assessment lien against the property, effective as of June 28, 1928, when F. M. Flournoy owned the property, and before the same was acquired by the deceased. The widow filed a demurrer to the caveat, on the ground that the city was not such a person as was entitled to object to her application for a year's support, and that no reason was shown therein why the year's support set apart to her should not be approved. Under the facts of this case, the city was a "person concerned," and under the law as embodied in the Code, § 113-1005, and stated in *Mathews* v. *Rountree,* 123 *Ga.* 327 (51 S. E. 423), and *Bearden* v. *Baldwin,* 174 *Ga.* 191, 198 (supra), it was authorized to file a caveat to the return of the appraisers on the application for a year's support, and to have its objections passed on by the court. When the deceased acquired the property in question, the assessment lien was against it, and such lien could not be displaced or affected by the widow's claim for a year's support. *Murphy* v. *Vaughan,* 55 *Ga.* 361. The return of the appraisers setting apart the year's support fixed the value of the property at $1200, and the amount of the paving lien against the same in favor of the city was $1100. According to the evidence, the deceased left an estate of the approximate value of $10,000, against which there were no liens, and from which a year's sup-

port could have been set apart to the widow. Under the ruling of the Supreme Court in *Casey* v. *Casey*, 151 *Ga.* 169 (supra), the jury in the superior court could fix the amount of the year's support and designate the property to be set apart or from which it should be paid. I think the court properly overruled the demurrer to the caveat, and, under the facts, did not err in directing a verdict in favor of the city. Therefore I dissent from the ruling of the majority opinion in this case.