### 37049.   WADE *v.* THOMPSON, Tax Commissioner.

DECIDED MAY 9, 1958—REHEARING DENIED MAY 29, 1958.

676

*R. B. Pullen,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, W. Neal Baird,* contra.

NICHOLS, Judge. 1. The first question is whether a tax commissioner is a proper party to file a caveat to the return of appraisers appointed by an ordinary, although it has apparently

been done in other cases. See *Davis* v. *City of Atlanta*, 182 *Ga.* 242 (185 S. E. 279). Code § 113-1005 provides that citation issued by the ordinary shall be to "all persons concerned," and in order to determine whether a tax commissioner is a "person concerned" it is necessary to look at the construction put on such term by the courts.

In the case of *McGahee* v. *McGahee*, 204 *Ga.* 91, 96 (48 S. E. 2d 675), it was said: "This court held in *Jones* v. *Cooner*, 137 *Ga.* 681 (74 S. E. 51), that 'only heirs, their privies, and creditors, may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father.' Such person must be actually 'concerned' in the legal administration of the assets of the estate. *Mathews* v. *Rountree*, 123 *Ga.* 327 (51 S. E. 423)." "Taxes are burdens which the State imposes upon property owners in the exercise of its sovereign power. They are not debts as such. Not being debts, they can not be collected by a suit at law. *State* v. *W. & A. R. Co.*, 136 *Ga.* 619 (2) (71 S. E. 1055); *Citizens & Southern Bank* v. *State*, 151 *Ga.* 696, 700 (108 S. E. 161); Cooley on Taxation (ed. 1924), § 1330." *Kirk* v. *Bray*, 181 *Ga.* 814, 817 (184 S. E. 733).

It necessarily follows that if the taxes are not debts then neither the decedent nor his estate is a debtor as concerns such taxes, and that the tax commissioner is not a *creditor* who is concerned with the administration of the estate and who would be entitled to file a caveat to the return of the appraisers in the year's support proceedings.

This question was not passed on in either *Davis* v. *City of Atlanta*, 182 *Ga.* 242, supra, or *Paulk* v. *City of Ocilla*, 55 *Ga. App.* 479 (190 S. E. 409), but what is above held is necessary if the policy of the law, as shown by *Montgomery* v. *McCants*, 49 *Ga. App.* 324, 326 (175 S. E. 397) is to be carried out: "A year's support is a favorite of the law [citing], and it is the policy of the law to provide an *immediate* and *effectual* means of support of the widow and children for such time, 'and the courts should in all proper ways forward and carry out this policy.' [citing] 'The provision for a year's support out of the estate of a decedent is an anomaly dictated solely by a very humanitarian public policy, *and in its administration this public policy should not be*

*overlooked or disregarded in any instance.'* [Citing]. Its provisions are highly beneficial. The courts, in passing upon cases involving the rights of the beneficiaries under such statutes, should keep in mind the beneficial and benevolent purposes of the law and should jealously protect rights accruing thereunder. The ends to be obtained under the act are not to be encumbered with technicalities; and provisions contained therein which, if liberally construed, might seriously impede the purposes of the act should be strictly construed. [Citing] Our Supreme Court, guided by these considerations, held, in *Jones* v. *Cooner*, 137 *Ga.* 681 (74 S. E. 51), that 'only heirs, their privies, and creditors may contest with a widow and minor children their right to a year's support out of the estate of the deceased husband and father.' Such person must be actually *'concerned'* in the legal administration of the assets of the estate."

Moreover, in further response to the contention that a tax commissioner, in his capacity as tax collector, has an interest in the administration of an estate so as to be a proper party to file a caveat to the return of appraisers in a year's support proceedings, reference should be made to Code § 89-903 which provides: "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." The duties, generally, of a tax collector are set forth in Code § 92-4901 and none of them *requires* him to examine *all* the returns of appraisers awarding years' supports, to determine *for himself* whether any return is excessive, and if *he* deems *any* return excessive to file a caveat thereto on such ground. Subparagraph 12 of Code § 92-4901, supra, does require tax collectors to: "Perform all other duties that the law requires, and which necessarily under the law appertain to his office." These duties to which reference is made are duties placed upon him by law, for custom cannot extend his duties (*Taylor* v. *State*, 44 *Ga. App.* 387, 394, 161 S. E. 793, and citations), and the public is bound to know his duties, whatever they are. *Wood* v. *Puritan Chemical Co.*, 178 *Ga.* 229 (172 S. E. 557).

As shown above, the law provides the method for collecting taxes, and there is no authority to collect taxes in any other

manner than that so provided (*Kirk* v. *Bray*, 181 *Ga.* 814, supra), and while it is vigorously denied that the tax collector is attempting to collect taxes in the present action, it cannot be denied that his only concern is that he won't be able to collect the taxes which he contends are due if his contentions are true and his position is not sustained. Especially is this true since his caveat prays in part that: "Any award finally entered on this application (for year's support) be made subject to the payment of all taxes due Fulton County and the State of Georgia, and the City of Atlanta."

If the governments purported to be represented by the tax commissioner in his capacity as tax collector have such an interest in the administration of an estate because of taxes which might be due them in the event the estate is sufficient to provide for those claims on the estate superior to their taxes and still have funds available for the taxes, then it would be the proper authorities of such governments who would be authorized to file a caveat to the year's support proceedings, and not the tax collector, whose duties are limited by law.

Accordingly, the general demurrer to the caveat as amended should have been sustained, for the tax commissioner was not a "person concerned" as contemplated by Code § 113-1005.

2. Since the caveat to the return of the appraisers was without standing in the proceedings in the courts below it necessarily follows that the other judgments adverse to the widow on motions of the caveator were error and must be reversed.

*Judgments reversed. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. As I understanding the ruling in *State* v. *W. & A. R. Co.*, 136 *Ga.* 619 (71 S. E. 1055), it was not that taxes were not debts but only that a common-law action would not lie to recover them since a specific remedy for their collection had been provided. It was held in *Citizens & Southern Bank* v. *State*, 151 *Ga.* 696 (108 S. E. 161), that the provision for a specific remedy for the collection of taxes did not exclude other remedies and that the Supreme Court had gone no further than to hold that an *action at law* will not lie in this State to collect taxes *as a debt*, and in that case an equitable remedy was authorized.

The tax commissioner is charged with the collection of taxes and is impliedly authorized to do whatever is necessary and proper to insure their collection in his official capacity. Code § 92-4901. See Code § 113-1212. The fact that a year's support is a favorite of the law and dictated by a very humanitarian public policy is irrelevant to the issue. The law does not intend for an excessive year's support to transfer the burden of taxes from the property set aside as a year's support to other innocent taxpayers. I dissent from the judgment of reversal.