## 39607. AAA AMUSEMENTS, INC. v. STATE OF GEORGIA.

CARLISLE, Presiding Judge. A petition to condemn a certain pinball machine which alleges that it is a device being operated in a public place by which the patron can, by inserting a nickel coin in a slot, secure three balls which can then be shot by a plunger; that if certain bumpers are struck by the balls, or if the balls go into certain holes on the board, the patron secures a score registered on the front of the machine; that if the score obtained by the patron is of a certain value free games register on the scoreboard of the machine and the patron thereby obtains from one to twenty free games, and that said machine constitutes a device for the purpose of maintaining and carrying on a lottery, scheme and device, as against a mere general demurrer, states sufficient facts to authorize the condemnation of such machine under the provisions of *Code Ann.* § 26-6508 in that the described machine constitutes a scheme or device for the hazarding of money or a valuable thing, and the general demurrer to such petition was properly overruled. "Lottery" imports a scheme or device for the hazarding of money or other thing of value *by chance* and as against a mere general demurrer the allegation that the machine sought to be condemned constitutes a device for the purpose of maintaining a lottery sufficiently alleged that the element of chance was involved in the use of the machine and the petition was not generally demurrable for failure to expressly allege chance. *Jorman v. State,* 54 Ga. App. 738, 740 (188 SE 925); *Barker v. State,* 56 Ga. App. 705 (193 SE 605); *Thompson v. Ledbetter,* 74 Ga. App. 427 (39 SE2d 720); *Code* § 26-6502. It matters not that the value of the thing hazarded is small or infinitesimal if in fact it does have some value. The device described in the petition in this case permits the patron, when he obtains the required score, to have

the amusement of playing the game from one to twenty additional times without cost whereas the ordinary cost of playing the game and partaking of this amusement is five cents. What is given is certainly a thing of value and the machine was subject to condemnation under the statute. See *Brockett v. State*, 33 Ga. App. 57 (125 SE 513); and *Jenner v. State*, 173 Ga. 86 (159 SE 564).

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED SEPTEMBER 7, 1962—REHEARING DENIED
OCTOBER 1, 1962.

*Jean E. Johnson, Wendell C. Lindsay, Bloch, Hall, Groover & Hawkins,* for plaintiff in error.
*Ben F. Smith, Assistant Solicitor General,* contra.