41062.    SANDERS v. FULTON COUNTY et al.
41076.    CAMP, Commissioner v. SANDERS.

DECIDED MARCH 12, 1965—REHEARING DENIED MARCH 30, 1965.

*Fred Schrimper,* for Sanders.

*Harold Sheats, John Tye Ferguson,* contra.

EBERHARDT, Judge. ■ It is clear that the portion of the Act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 77-98) found in *Code Ann.* § 92-8443 declaring all taxes to be personal debts "of the person required hereunder to file the returns or to pay the taxes imposed hereby," affects only those taxes levied under that Act and for which returns must be made to the State Revenue Commissioner. Taxes due the State have long been recognized as having a status different from those due to a county or city. *Hargrove v. Lilly,* 69 Ga. 326. They are given a rank in *Code* § 113-1508 which specifies the priority of debts to be recognized by an executor or administrator in administering an estate.

We are not here concerned with taxes due the State, or the right of the State Revenue Commissioner on behalf of the State, to file a caveat to the appraisers' return in an application for year's support. We deal only with the right of a tax commissioner of a county, on behalf of the county, or of the county itself, to file a caveat.

Whatever the status of taxes due the State may be, it is certain that taxes due a county or a municipality are not debts in the ordinary sense or meaning of that term. *Kirk v. Bray,* 181 Ga. 814 (184 SE 733). Certainly prior to 1938 this was true of taxes due the State. *State of Ga. v. Western &c. R. Co.,* 151 Ga. 696, 700 (108 SE 161). Consequently, neither the tax 136 Ga. 619 (2) (71 SE 1055) ; *Citizens &c. Bank v. State of Ga.,*

commissioner nor the county itself has the status of a creditor as against the taxpayer or his estate.

But it does not follow that the commissioner and the county are not "concerned" in the administration of an estate. It can not be said that the county does not have a *claim* against the estate of a taxpayer who, at the time of his death, owed taxes. And on the basis of that claim it has a lien. *Code Ann.* §§ 92-5707, 92-5708. It is the duty of the tax commissioner to "diligently collect" all taxes. *Code* § 92-4901. Diligence in collection requires that the tax commissioner do all things and take all steps which he may reasonably and lawfully do. Some of these are spelled out in § 92-4901, where his duties are defined, but after listing a number of specific duties he is charged with the performance of "all other duties that the law requires, and which necessarily under the law appertain to his office."

When a widow and minor children make application for a year's support and the appraisers have made and filed their return, the ordinary is required to "issue citation and publish notice as required in the appointment of permanent administrators, citing *all persons concerned* to show cause" why the application should not be granted. *Code* § 113-1005. (Emphasis supplied). The method for issuing and publishing citation is provided in *Code* § 113-1212.

"Not only heirs, legatees, and creditors of an estate, but also *all other persons concerned* in the legal administration of the assets thereof . . . may interpose a caveat to an application for a year's support." *Mathews v. Rountree,* 123 Ga. 327 (51 SE 423). (Emphasis supplied.)

The very nature of the county's claim and the duty of the commissioner to use all diligence in collecting it suggests a dereliction on his part if without a protest he permits the year's support proceeding to render collection impossible.

In *Paulk v. City of Ocilla,* 55 Ga. App. 479 (190 SE 409) it was held that, under the facts of that case, the city should not be permitted to file a caveat. The city had a lien for paving assessments against the property set apart, but the lot had been set apart *subject to the assessments.* Observing that since the city had a prior lien, subject to which the year's support had

been set apart, the majority held that it was a useless thing for the city to object. At the same time, however, it was asserted that "This ruling is not based on the theory that the City of Ocilla under no circumstances could have objected to the return because it was not such a 'person concerned' as would have such a right." It is to be noted that even in the status of the city's claim in that case there was a dissent urging that the city was a "person concerned" and should be permitted to file a caveat.

In *Wade v. Thompson*, 97 Ga. App. 675, 679 (104 SE2d 250) it was held that the tax commissioner did not have status to file a caveat, but observed that "If the governments purported to be represented by the tax commissioner in his capacity as tax collector have such an interest in the administration of an estate because of taxes which might be due them in the event the estate is sufficient to provide for those claims on the estate superior to their taxes and still have funds available for the taxes, then it would be the proper authorities of such governments who would be authorized to file a caveat to the year's support proceedings, and not the tax collector, whose duties are limited by law." This, as we see it, is a recognition that the government holding a claim against an estate for taxes is entitled to file a caveat, and the effect of the holding in *Wade* is simply that the tax commissioner is not the person authorized on behalf of a county to do it. Again, there was a dissent on the ground that the tax commissioner, charged with the duty of collecting the taxes, is impliedly authorized to do whatever is necessary to effect collection, is a "person concerned" with the administration of an estate, and entitled to file a caveat.

We agree with the dissent in *Wade*. Governments can exist only by the exaction and collection of taxes from the citizens, a fact universally recognized. Because of that it has ever been the policy of all governments in this and other countries, from the top to the lowest level, to safeguard with the utmost jealousy and diligence the public moneys. To be fair with others who must pay their taxes a government must press its claims against any who have not paid. That is the duty of every individual occupying the status of a tax collector.

The filing of a caveat to a year's support does not defeat it or deprive the widow and minor children of that to which they are entitled, and which is so highly favored in the law. It simply calls into question the matter of whether the amount included in the appraisers' return is *in excess* of that to which the widow and children are entitled under the law; or whether the applicants are in fact the widow and children of the deceased, for if they are not, no legal year's support could be set apart to them.

It is the same issue that any other "person concerned" is entitled to raise, and is to be resolved in exactly the same manner. Once resolved and the year's support set aside, no priority is defeated. Whatever is set apart is still superior in rank to claims for taxes.

The question here is whether the tax commissioner, or the county, is "concerned" in the administration of an estate against which the county has a claim for taxes. We think so.

The case of *Wade v. Thompson,* 97 Ga. App. 675, supra, insofar as it conflicts with what we now hold, is expressly overruled, and we hold that a caveat in the name of the tax commissioner, acting on behalf of the county, or in the name of the county itself, can be filed in a year's support proceeding. The situation is somewhat analogous to the condemning of vehicles, etc. used in the transporting of illicit liquors, which may be brought either in the name of the solicitor general, acting on behalf of the State, *Atkins v. Manning,* 206 Ga. 219 (56 SE2d 260), the solicitor of a city court, acting on behalf of the State, *Mack v. Westbrook,* 148 Ga. 690 (98 SE 339), or in the name of the State itself, *Gates v. State,* 149 Ga. 472 (101 SE 769), *State v. Killens,* 149 Ga. 735 (101 SE 911), *Thompson v. State,* 74 Ga. App. 821 (41 SE2d 583). The same is true of a proceeding to condemn a vehicle used in illegal night hunting, *Malone v. Clark,* 109 Ga. App. 134 (135 SE2d 517), or apparently of a vehicle or paraphernalia used in a lottery, *Code Ann.* § 26-6508, *AAA Amusements, Inc. v. State of Ga.,* 106 Ga. App. 663 (127 SE2d 919), since the provisions for condemning these are substantially the same as for the others.

Either the tax commissioner, acting on behalf of the county,

or the county itself, is entitled to interpose a caveat in a year's support proceeding, but it should not be done by both. If both have done it they should be put to an election as to which will proceed, and the other should be dismissed.

*Judgment in case No. 41062 is affirmed, and that in case No. 41076 is reversed, with direction that the caveators be put to an election as to which will proceed. Felton, C. J., Bell, P. J., Jordan, Hall and Russell, JJ., concur. Nichols, P. J., Frankum and Pannell, JJ., dissent.*

NICHOLS, Presiding Judge, dissenting. The majority opinion correctly holds that taxes are not debts, but then proceeds to hold that the taxing authority is a "person concerned" with the administration of an estate so as to permit it, or its tax commissioner, to file a caveat to an application for a year's support.

Much stress is placed on the following language used in *Wade v. Thompson,* 97 Ga. App. 675, 679 (104 SE2d 250): "*If* the governments purported to be represented by the tax commissioner in his capacity as tax collector have such an interest in the administration of an estate because of taxes which might be due them in the event the estate is sufficient to provide for those claims on the estate superior to their taxes and still have funds available for the taxes, then it would be the proper authorities of such governments who would be authorized to file a caveat to the year's support proceedings, and not the tax collector, whose duties are limited by law." (Emphasis supplied).

Such language was not used to express an opinion by the court that such a right existed but as a recognition that such question was not settled. In *Paulk v. City of Ocilla,* 55 Ga. App. 479, 480 (190 SE 409), it was said: "This ruling is not based on the theory that the City of Ocilla under no circumstances could have objected to the return because it was not such a 'person concerned' as would have such a right." In *Davis v. City of Atlanta,* 182 Ga. 242 (185 SE 279), the Supreme Court held that a return which made the property set aside "subject to taxes" would not be set aside in a separate suit in equity where the petition did not allege a cause of action authorizing such relief because the applicant had failed to follow up her petition for a year's support. Accordingly, the language quoted above

from the case of *Wade v. Thompson*, supra, is not authority for or against the right of a county to caveat a return of the appraisers in a year's support proceeding as being excessive for the purpose of assuring the collection of taxes due on property set aside to the widow in such proceeding.

Neither Fulton County nor its tax commissioner is a "creditor" or "person concerned" with the administration of an estate so as to authorize the filing of a caveat to an application for a year's support for the reasons set forth in the majority opinion in *Wade v. Thompson*, 97 Ga. App. 675, supra. Where the application or return of the appraisers in the year's support proceeding is tainted with fraud the Supreme Court has held that an injunction is the proper remedy where the victim of the fraud does not fall within the limited category authorized by statute to file a caveat. See *McGahee v. McGahee*, 204 Ga. 91 (48 SE2d 675); *Dukes v. Cairo Banking Co.*, 220 Ga. 507 (140 SE2d 182). The demurrers to both caveats should have been sustained.

I am authorized to state that Frankum and Pannell, JJ., concur in this dissent.