SIMPSON & LEDBETTER *vs.* MATHIS, sheriff. MORGAN *vs.* MATHIS, sheriff.

Where an execution was issued by the governor in favor of the state against a state depository and the sureties on its bond, and a bill was filed against the sheriff levying such execution, attacking it and seeking to enjoin its enforcement, and where the chancellor required notice to be given to the attorney general, who thereupon appeared and resisted the grant of the injunction on behalf of the state, the state being the real contestant, although not technically a party to the record, after the refusal of an injunction and excep-

tion thereto, it was necessary to serve the state with the bill of exceptions, and no service or acknowledgment thereof appearing on the part of the attorney general or other officer on behalf of the state, the writ of error must be dismissed.

(*a.*) This case does not conflict with that of *Mayo, sheriff, vs. Wilson,* 66 *Ga.,* 408.

February 7, 1885.

Practice in Supreme Court.   Parties.   State.   Service. Before Judge BRANHAM.   Floyd County.   At Chambers. December 1, 1884.

The governor of the state issued an execution against the Bank of Rome and the sureties on its bond as a state depository.   This execution was levied by M. C. Mathis, sheriff of Floyd county, upon certain property of Samuel Morgan, who filed his bill, alleging various reasons why the bond was not a statutory bond in accordance with the provisions of law; that the sureties had been discharged by the conduct of the governor; and that the execution could not legally proceed to condemn complainant's prop-eity.   The prayer was that the execution be decreed to be inoperative as to complainant; that he be discharged from any and all liability under it or the bond on which it was founded; and that the sheriff be enjoined from sell-ing the property levied on until the trial, and then that a perpetual injunction be issued to prevent the enforcement of the execution or bond against the property of complainant; also for general relief and for subpoena against the sheriff.

The chancellor granted a restraining order against the sheriff, and ordered that the hearing be set for such time as the attorney general might designate, and that counsel for complainant give that officer notice by mail of this order.   Another order was passed reciting that, by request of the attorney general, the hearing was set for June 1, 1883.   Subsequently it was postponed to June 5.

The sheriff filed an answer, to the effect that he did not know of his own knowledge concerning the facts charged

in the bill.   No other answer was filed.   An amendment to the bill was filed, on which service was acknowledged by " Clifford Anderson, attorney general of Georgia." The case came to the Supreme Court (72 G*a*., 401, 517). Afterwards another amendment was made to the bill, and on November 27, 1884, the chancellor granted an order requiring that a copy of the amended bill be served on the attorney general, or any other attorney designated by the governor, and that the attorney general or such other attorney should show cause why injunction should not be granted.   On December 1, 1884, the hearing was had and the injunction refused.   The order passed recited that the hearing had been had in obedience to an order calling on " the defendant" to show cause, etc.

To the refusal of the injuction complainant excepted; but service of the bill of exceptions was acknowledged only by the sheriff, there being no service or acknowledgment of service on the part of the attorney general or other counsel for the state.

In the case of Simpson & Ledbetter *vs.* Mathis, sheriff, the facts are similar to those stated above.   Complainants filed their bill to restrain the sheriff from proceeding to sell their property under the same execution issued by the governor against the Bank of Rome, as a state depository, and its securities.   The chancellor required service on the attorney general, and the injunction was refused in an order containing similar recitals to that in the Morgan case. In granting a *supersedeas* upon the filing of the bill of exceptions, the chancellor also required that the complainants in this case give a bond payable to the governor. Complainants excepted to the refusal of the injunction, and, as in the Morgan case, the sheriff alone acknowledged service.

When these cases were called in the Supreme Court, a motion to dismiss the writs of error was made by counsel representing the state, on the ground that no service had been perfected on the state or the attorney general or any

other person on behalf of the state, although it was the only real party in interest, the sheriff being only a ministerial officer, with no personal interest in the litigation.

UNDERWOOD & ROWELL; DABNEY & FOUCHE, for plaintiffs in error.

C. ANDERSON, attorney general; JACKSON & KING, contra.

JACKSON, Chief Justice.

Section 4260 of the Code exacts that, " In cases of interpleader or otherwise, where the real contestant is not the opposite party on the record, notice shall be given to such real contestant in addition to the copy served as above."

The state in this case is not the opposite party on the record, so far as the prayer for subpœna is concerned, or the filing of any answer by her in writing would make her a party technically to the bill for injunction; yet she is the real contestant. It is the levy of an execution in her favor which the bil's seek to enjoin, and therefore she is the only real contestant. She could not well be made a party by subpœna. The governor is her chief executive officer, and it is his duty to enforce process if necessary, and he cannot be made a party in that way; but, nevertheless, it is a case which the state contests, in which she seeks to collect an execution which is her property alone; the sheriff, as the levying officer, is a necessary party of record, because he is enforcing an illegal execution of the state on the property of her citizens; and the complainants were right in making him a party defendant of record, and praying the writ to issue, enjoining him. But all this merely shows that, though a necessary party, he is not the real contestant, because the money due on the executions will be the state's, not his; and the sole interest he has is his costs, which will be increased by the per cent he gets on the proceeds of sale, if the state succeeds in defeating the injunction. Thus

the state is the only real contestant, and service upon her by notice, in accordance with section 4260 of the Code, is essential to give this court jurisdiction to try her case.

The chancellor below required notice to answer the restraining order upon the attorney general, in view of the obvious propriety of not enjoining the state's execution without notice to the officer of the state, whose duty it is to defend cases in which the state is interested, and through whom it is made the governor's duty to defend her cases. If the chancellor required the complainants to give notice below before he would act, much more, by the mandate of the law in section 4260, is it the duty of this court to require service of such notice upon that officer here, or before the case can be heard here, in order to confer jurisdiction on this court.

The only notice which the statute contemplates anywhere is service of the bill of exceptions by copy thereof, or the waiver thereof entered thereon.

No such service appears here, and indeed no notice of any sort to the attorney general or other officer of the state. It follows, necessarily, that the real contestant not having been served at all, the two cases must be dismissed.

The only reply to the motion by counsel for plaintiffs in error here was that, in the case of *Mayo, sheriff, vs. Wilson,* 66 *Ga.,* 408, this court held that the governor of the state was not a necessary party to the bill, and could not be made a party. This ruling was made on demurrer to the bill, on the ground that he was a necessary party, and the decision is that the governor could not be made one, for the reason given above in this opinion, that his great executive duty is to execute the process of the courts through the subordinate officers of the law, and this high office would not consist with service on himself of process which he himself was to see executed properly in the last resort. At the same time and under the same head, it was held in the Mayo case, that it was his duty to defend, by the attorney general, state cases, expressly by statute,

('Code, §§22, 44), and thus he was in by the attorney general, who filed the demurer for the sheriff, and appeared in the only way he could appear for the state.

So in these cases, the attorney general appeared as the legal adviser and representative of the governor, for all practical purposes, and in the only way in which the chief magistrate could well appear for the state; and so necessary was his appearance deemed by the chancellor that he required notice to be served on him to attend the trial of the application for injunction below. So that the Mayo case is authority for the ruling we make now in these cases. That case rules that, for all practical purposes, the governor was in that case by his attorney general, and therefore was a party of record so far as he could be made one. If so, it furnishes only an additional reason for service of a bill of exceptions on the man who appeared for the state in these cases, and brings him almost, if not entirely, within the law requiring service on the opposite party to the record. Mayo, the sheriff, brought that case here, and of course no question of service on the attorney general was made; for Mayo's side was the state's side. Had Wilson brought that case here, and had not served the attorney general or the state, through some proper officer, with the bill of exceptions, and had a motion been made to dismiss it, it would have been and must have been dismissed, as these cases are.

Writs of error dismissed.