## 14129.   JOHNOFF *v.* STATE OF GEORGIA.

Jurisdiction of a proceeding to condemn a vehicle seized for violation of the law as to transportation of intoxicating liquors (Act of 1917; Ex Sess., pp. 7, 17) is confined to the county of the seizure; and in such a proceeding such jurisdiction must affirmatively appear.
DECIDED MAY 21, 1923.

Condemnation under liquor law; from Bryan superior court — Judge Sheppard. November 13, 1922.

*J. P. Dukes,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

JENKINS, P. J. This was a condemnation proceeding brought in the superior court of Bryan county for the condemnation of an automobile, on account of its having been used in the trans-portation of intoxicating liquors on a public road of the State, in violation of the prohibition act. The evidence of the sheriff of

Bryan county, who seized the car, shows without contradiction that it was abandoned by the driver in Bulloch county, and was there seized. The prohibition act provides (Park's Code Supp. 1917, § 448 (oooo) ) that "all vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State . . . in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made." In *Avera* v. *State, 25 Ga. App.* 276 (103 S. E. 94), it was held that "only a court having jurisdiction in the county where the vehicle is seized has jurisdiction of the condemnation proceedings," and that such jurisdiction must be affirmatively. made to appear. As the evidence affirmatively shows that the trial court was without jurisdiction, the judgment of condemnation must be reversed.

*Judgment reversed. Stephens and Bell, JJ., concur.*