## CARTER *et al. v.* STATE OF GEORGIA.

No. 10634. APRIL 10, 1935. REHEARING DENIED MAY 18, 1935.

*George G. Finch* and *William G. McRae,* for plaintiffs in error. *Hughes Roberts* and *John A. Boykin, solicitor-general,* contra.

GILBERT, Justice. The State of Georgia, by John A. Boykin, solicitor-general of the Atlanta judicial circuit, filed a petition in Fulton superior court to condemn one Chevrolet automobile truck, motor No. K-4173911, alleging that the same was seized on June 10, 1934, by E. W. Wilson and E. G. Fitzgerald, officers empowered by law to make arrests, the said truck being at the time employed by an unknown person in transporting 151 gallons of whisky over Casey Road, a public highway in Fulton County, Georgia, which use subjected it to seizure and sale by the State; that the seizure was reported to said solicitor-general on June 11, 1934, and the petition was filed within ten days thereafter; that the user of the said truck escaped, and the owner was unknown. The prayer was for service of the unknown owner by publication, that judgment be rendered against said truck, that it be sold and the proceeds thereof be distributed as provided by law. Notice of the proceeding to condemn having been published as required by law, and no defense having been filed within thirty days from the date of the filing of the petition, the court, on July 14, 1934, rendered a judgment of condemnation against said truck, ordering that it be sold by the sheriff of Fulton County on July 30, 1934, at public outcry in front of the court-house door in Fulton County, after posting notice of

the sale in front of the court-house door and two other public places in said county, and ordering that the proceeds be distributed as provided by law. In pursuance thereof, the truck was sold on July 30, 1934. Shortly thereafter Frank Carter, the plaintiff in error, filed in the superior court a claim to the truck, alleging that it had been stolen from him, and that he had no knowledge of the same being used in the hauling of liquor. He moved that the court set aside the judgment and orders theretofore rendered, because "so much of the act of 1917, extraordinary session, pages 7 through 16, inclusive, as contained in Michie's Code, sec. 448, subparagraph 54," was void by reason of being in conflict with art. 1, sec. 4, par. 1, of the constitution of Georgia, and asking that the truck be returned to him. The solicitor-general, as relator for the State of Georgia, filed general and special demurrers to the intervention, and the court sustained them. The intervenor excepted. The State of Georgia filed in this court a motion to dismiss the writ of error on the ground of lack of jurisdiction, because of the fact that the officers E. W. Wilson and E. G. Fitzgerald were interested in sustaining the judgment of the court below, being entitled in law to a one-third interest in the proceeds of the sale of the said truck, and were necessary and indispensable parties, and had not been made parties in the bill of exceptions and served with a copy thereof, and no service in their behalf had been acknowledged.

The Code of 1933, § 58-207, provides for condemnation, after seizure, of any vehicle used on any of the public roads of this State in conveying any liquors or beverage the sale or possession of which is prohibited by law, and further provides that the proceeds from the sale shall be applied (a) to the payment of the expenses in said case, (b) one third of the remainder to be paid to the officer making the seizure and furnishing the proof, (c) to the payment of costs of the court, and (d) the remainder, if any, to be paid into the county treasury, to be held as a separate fund and to be paid out under order of court as insolvent costs in other cases arising from the violation of any of the provisions of the law as enacted by the act of 1917 (Ga. Laws Ex. Sess. 1917, p. 7) and the act of 1924 (Ga. Laws 1924, p. 198). The Code of 1933, § 6-911, provides: "Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties

with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served." Section 6-916 provides for service of one who is not a formal party on the record, but who is in fact the real contestant, in case of interpleader or otherwise, as follows: "In cases of interpleader or otherwise, where the real contestant is not the opposite party on the record, notice shall be given to such real contestant in addition to the copy served as above." While the formal or technical party in the condemnation proceeding was the State of Georgia, the two named officers are in this case real contestants, and are vitally interested in sustaining the judgment of the trial court, because, in consequence of it, they are entitled to receive a one-third interest in the proceeds of the sale of the condemned truck after the payment of the expenses in the case. "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions, or the writ of error will be dismissed." *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190); *Clark Milling Co.* v. *Simmons,* 155 *Ga.* 505 (117 S. E. 437); *Greeson* v. *Taylor,* 160 *Ga.* 392 (128 S. E. 177); *Emanuel Farm Co.* v. *Balls,* 176 *Ga.* 552 (168 S. E. 316); *Poston* v. *Durham & Co.,* 177 *Ga.* 870 (171 S. E. 765). Manifestly, therefore, each should have been served with a copy of the bill of exceptions, or his attorney served, or acknowledgment made of service; and in the absence thereof the writ of error must be dismissed by this court. It appears from the record that only the State of Georgia was served. The rule is to be found in *Simpson* v. *Mathis,* 74 *Ga.* 115, 118, stated thus: "Where an execution was issued by the Governor in favor of the State against a State depository and the sureties on its bond, and a bill was filed against the sheriff levying such execution, attacking it and seeking to enjoin its enforcement, and where the chancellor required notice to be given to the attorney-general, who thereupon appeared and resisted the grant of the injunction on behalf of the State, the same being the real contestant, although not technically a party to the record, after the refusal of an injunction and exceptions thereto it was necessary to serve the State with the bill of exceptions; and no service or acknowledgment thereof appearing.

on the part of the attorney-general or other officer on behalf of the State, the writ of error must be dismissed." Chief Justice Jackson said: "The sheriff, as the levying officer, is a necessary party of record, because he is enforcing an illegal execution of the State on the property of her citizens; and the complainants were right in making him a party defendant of record, and praying the writ to issue, enjoining him. But all this merely shows that, though a necessary party, he is not the real contestant, because the money due on the executions will be the State's, not his; and the sole interest he has is his costs, which will be increased by the per cent. he gets on the proceeds of sale, if the State succeeds in defeating the injunction. Thus the State is the only real contestant, and service upon her by notice, in accordance with section 4260 [now § 6-916] of the Code, is essential to give this court jurisdiction." In the present case the State receives nothing from the proceeds of the sale, and is only a formal or technical party; the officers receive one third of the proceeds of the sale of the truck after the payment of expenses in the case, and are real contestants and vitally interested in sustaining the judgment of the trial court. It follows that a copy of the bill of exceptions should have been served upon each, or his attorney, or acknowledgment of service taken; and as it appears from the record that only the State of Georgia was served, this court is without jurisdiction.

*Writ of error dismissed. All the Justices concur.*