## 24466. BOWMAN *v.* DAVIS.

SUTTON, J. Plaintiff's petition in trover was dismissed on general demurrer, and the case is in this court to review that judgment. The petition made the following case: that defendant is in possession of a described automobile of the value of $200, to which the plaintiff claims title; that possession of the automobile was demanded by the plaintiff of the defendant, and he refused to deliver it; that defendant is claiming the right to hold this automobile for the purpose of condemnation, upon the claim that it was captured while being used in the transportation of intoxicating liquor over the highways of this State; and that no condemnation proceedings have been instituted and the time therefor has expired, and if the defendant ever had any right to hold plaintiff's automobile for that purpose, this right terminated prior to the filing of this petition, on account of the failure of the defendant and "the party charged by law with the duty of filing information therefor" to file the

same and to institute condemnation proceedings within the time provided by statute. Plaintiff amended his petition, òver defendant's objection, by alleging that the defendant did not report the seizure of the automobile within ten days, as required by law; that no report was ever made to the solicitor-general of the superior court of said county; that no condemnation proceedings were in fact ever filed in said superior court, and that no effort has been made to condemn the same except in the city court of Buford, which court the plaintiff alleges has and had no jurisdiction to condemn such automobile, and plaintiff avers that the defendant for each and all of the foregoing reasons is and was holding his automobile without lawful warrant or authority. It was admitted in open court upon the hearing on the motion to dismiss the petition that the defendant was county policeman of Gwinnett County. The court entered this order, in dismissing the petition: "Upon motion of counsel for defendant the within petition as amended is hereby stricken, for the reason that it appears that said automobile was seized by an officer, the defendant, that the city court of Buford had jurisdiction to condemn the same, and that the plaintiff's claim can not be asserted by trover proceedings, but must be asserted by equitable claim in the city court of Buford." *Held:*

1. The old charter of the Town of Buford in Gwinnett County (Acts 1872, p. 149) was repealed in 1896, and Buford was incorporated as a city at that time. Acts 1896, p. 135. Said city is located wholly within the 550th militia district of Gwinnett County. By the act of August 20, 1906, there was created the present "city court of Buford." Acts 1906, p. 176. This court will take judicial cognizance that Buford is not the county-site of Gwinnett County, but that Lawrenceville is the county-site. Therefore the city court of Buford is not a constitutional city court. *Collier* v. *Means*, 113 *Ga.* 681 (39 S. E. 418) ; *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857) ; *Cone* v. *American Security Co.*, 154 *Ga.* 841 (115 S. E. 481).

2. The law providing for the condemnation of automobiles does not limit the jurisdiction to superior courts or constitutional city courts, but specifically provides that any county, city, or superior court having jurisdiction in the county where the automobile is seized shall have jurisdiction of the proceedings. Code of 1933, § 58-207; *State* v. *Killens*, 149 *Ga.* 735 (101 S. E. 911). The city court of Buford, therefore, has jurisdiction to maintain proceedings to condemn an automobile where it has been seized while transporting intoxicating liquors within the territory over which the court has jurisdiction.

3. The statute providing for the condemnation of private vehicles used in the transportation of intoxicating liquors over the highways of this State, being in derogation of the common law, is to be strictly construed.

4. The city court of Buford, under the act creating it (Acts 1906, p. 176), has jurisdiction in and over the 550th militia district of Gwinnett County, to try and dispose of all civil cases, actions, and proceedings of whatsoever kind and nature, the exclusive jurisdiction of which has not been vested by the constitution of Georgia in the superior courts of this State.

5. "Jurisdiction of a proceeding to condemn a vehicle seized for violation·

of the law as to transportation of intoxicating liquors . . is confined to the county of the seizure, and in such a proceeding such jurisdiction must *affirmatively appear.*" (Italics ours.) *Johnoff* v. *State,* 30 *Ga. App.* 316 (117 S. E. 764). While the petition in this case alleges that the automobile was seized while transporting intoxicating liquors over a public highway of this State, it does not allege that it was seized in the 550th militia district of Gwinnett County, but, on the other hand, the petition specifically sets out that the city court of Buford had no jurisdiction of the proceedings to condemn the automobile in question. See *Avera* v. *State,* 25 *Ga. App.* 276 (103 S. E. 94).

6. Moreover, this case is in this court for the court to pass upon the judgment of the trial judge on motion to dismiss, in the nature of a general demurrer. Matters outside the pleadings and "oral admissions of fact by a party or his counsel are not proper matters for consideration in passing on a demurrer to pleadings, or a motion to dismiss in the nature of a demurrer." The function of a demurrer or motion to dismiss is to test the sufficiency of the pleading attacked. *Hicks* v. *Beacham,* 131 *Ga.* 89 (2), 93 (62 S. E. 45).

7. Trover is the proper remedy for the plaintiff, where he claims title and sets up that the defendant has no title or right to possession but is wrongfully withholding possession of the property claimed after demand made upon him. This case is not like *Martin* v. *English,* 23 *Ga. App.* 484 (98 S. E. 505).

8. It not appearing from the petition that the defendant had any right to the possession of the automobile involved, the petition, setting up title in the plaintiff and wrongful possession in the defendant, stated a cause of action and the trial judge erred in dismissing the same.

*Judgment reversed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*

DECIDED JULY 3, 1935.

*John I. Kelley, R. Beverly Irwin,* for plaintiff.
*A. G. Liles, E. W. White,* for defendant.