29364.  WATSON *v.* DEPARTMENT OF PUBLIC SAFETY.

DECIDED FEBRUARY 17, 1942.

*George W. Westmoreland,* for plaintiff in error.
*Linton S. Johnson, assistant attorney-general,* contra.

SUTTON, J. The Commissioner of the Department of Public Safety revoked the driver's license of Newnan Watson, colored, on August 9, 1941, for a period of nine months, said revocation being occasioned by two reports from the mayor's court of Jefferson, Georgia, and one from the city court of Jackson County, filed with the Department of Public Safety, that Newnan Watson, colored, had been convicted and sentenced twice in the mayor's court and once in the city court of driving an automobile while under the influence of intoxicating liquors. A hearing was had at Jefferson, Georgia, on September 27, 1941, before J. F. Hartsfield who was appointed by the Commissioner of the Department of Public Safety to hear and pass on the application of Newnan Watson to have his license reinstated. . After hearing and considering the evidence, the hearing officer found that the applicant should not get his license back until the expiration of the revocation of the same. The applicant then entered an appeal to the superior court of Jackson County with the request that the appeal be heard by the judge of the said court. After hearing evidence and the argument of counsel on the appeal, the judge of the superior court rendered a judg-

ment that the revocation of the license (of Newnan Watson) to operate a car on the highways of Georgia continue in force for the period as stated by the Department of Public Safety. The exception here is to that judgment.

"The Department of Public Safety" was created and established by an act of the legislature in 1937 (Ga. L. 1937, p. 322), Georgia Code, Annotated, § 92A-101. It was provided in that act, as amended by the act of 1939 (Ga. L. 1939, pp. 135, 142), that "The clerks of the courts of this State shall furnish to the Department of Public Safety a report of each case involving an offense under the provisions of this act on a form to be provided by the Department of Public Safety . ." (§ 92A-430, Supplement to Code, Annotated), and by the act of 1939 (Ga. L. 1939, pp. 135, 141), § 92A-434, Supplement to Code, Annotated, it was provided that "The Commissioner may in his discretion revoke the license of any operator or chauffeur upon receiving the record of such operator's or chauffeur's conviction of any of the following offenses: . . (2) driving a motor vehicle while under the influence of intoxicants or drugs." By the act of 1937, supra, § 92A-422, Supplement to Code, Annotated, it was provided: "Upon the refusal, suspension, revocation or cancellation of any learner's, operator's or chauffeur's license for cause, a hearing shall be granted on demand before any agent of the Department of Public Safety authorized by the Commissioner to hear the same, which hearing shall be had in the county of such person's residence, and need not be a matter of record." By the act of 1937, supra, Code, § 92A-423, Supplement to Code, Annotated, it was provided: "The decision of such agent or officer of the Department of Public Safety shall be final unless the person whose license has been suspended, revoked or canceled shall desire an appeal, in which case he shall have the right to enter an appeal to the court of the county of his residence, other than a justice's court, having jurisdiction of misdemeanor cases, after notice to the Commissioner, in the same manner as appeals are entered from the court of ordinary, except that he shall not be required to pay the costs in advance," and by the same act it was provided (Code, § 92A-425, Supplement to Code, Annotated): "If such applicant desire the case may be heard before the judge of court at term or in chambers or before a jury at the first term."

As stated above, the law provides that the Commissioner of the Department of Public Safety may in his discretion revoke the license of any operator upon receiving the record of such operator's conviction of driving a motor vehicle while under the influence of intoxicants or drugs. The evidence was undisputed, both on the hearing of the applicant's request before the hearing officer to have his license reinstated and on the trial of the appeal before the judge of the superior court, that the applicant had been convicted and sentenced in the city court of Jefferson, Georgia, for the offense of operating an automobile while under the influence of liquor in March, 1941, upon the highways of Jackson County, Georgia, and that the clerk of said court had also sent proper notice of this to the Department of Public Safety. In fact, it is stated by the plaintiff in error in the bill of exceptions that this was admitted by Newnan Watson. However, the plaintiff in error testified on the trial before the hearing officer and on the appeal before the judge of the superior court that he was not guilty of operating his automobile while under the influence of liquor at the times charged against him in the two cases in the mayor's court and for which he was convicted and sentenced and reports thereof made to the Department of Public Safety, and for this reason he contends that the court erred in not cancelling the order of revocation and in not reinstating his license. This contention is without merit. The conviction in the city court of Jefferson, Georgia, was sufficient to authorize the revocation of the license of the plaintiff in error to operate an automobile. Under the undisputed evidence and the admissions of the plaintiff in error as contained in the record and the law applicable thereto, the court did not err in rendering a judgment that the revocation of the license in question continue in force for the period as stated by the Department of Public Safety.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*