31532.   THOMPSON *v.* THE STATE OF GEORGIA.

</div>

<div align="center">

DECIDED FEBRUARY 26, 1947.

</div>

*A. J. Whitehurst,* for plaintiff in error.
*J. E. Craigmiles, Steve M. Watkins, Solicitors,* contra.

PARKER, J.   This was a proceeding under the Code, § 58-207, brought in the City Court of Thomasville to condemn an automobile alleged to have been used in illegally transporting liquors and beverages, the sale or possession of which is prohibited by law. Sam Thompson, the person in possession and alleged to be the owner of the automobile at the time it was seized, demurred to the petition for condemnation upon the ground that it set out no cause of action because it was brought in the name of the State of Georgia, and not in the name of the officers seizing the automobile in whom (it was contended) the legal right and interest was vested. The court overruled the demurrer and the sole exception here is to that judgment.

The petition for condemnation was brought by the solicitor of the City Court of Thomasville "in behalf of the State of Georgia

and whom else it may concern." The contention is made that since the statute provides that a part of the proceeds arising from the sale of the property condemned may be payable to the officer making the seizure and furnishing the proof, such officer is a necessary party plaintiff to the action for condemnation. The case of *Carter* v. *State,* 180 *Ga.* 578 (180 S. E. 110), is relied upon as authority for this contention. The ruling in that case was based upon the Code, § 6-916, which provides for notice by service of the bill of exceptions upon one who is not a formal party to the record, but who is in fact the real contestant in cases of interpleader or otherwise, on appeals in the Supreme Court.

We do not think that the ruling relied on is applicable to the point made here. The right of condemnation is in the State and not in the officers seizing property illegally used in conveying liquors or beverages. We think that the provisions of the statute requiring the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made to institute the condemnation proceedings in the court of which such officer is the solicitor, necessarily imply that such proceedings shall be in the name of the state. The fact that an arresting officer may be interested financially in the proceeds derived from the condemnation does not make such officer a necessary party plaintiff in the first instance, although on an appeal to the Supreme Court or to this court, after a judgment condemning property has been entered, it may be necessary to serve such officer, as a person interested in sustaining the judgment of the trial court, with a copy of the bill of exceptions, as was held in *Carter* v. *State,* supra. That is all that the *Carter* case held.

Although the suggestion in *Mack* v. *Westbrook,* 148 *Ga.* 690 (2a) (98 S. E. 339), that a condemnation proceeding in the nature of an information should be filed in the name of the State, may be regarded as obiter, we think it expressed a correct rule of law. The State is the party plaintiff in the prosecution of violations of law under all criminal statutes, although individuals may have warrants issued and may voluntarily appear before grand juries and testify, and a condemnation proceeding, under the Code, § 58-207, presupposes the violation of criminal laws, and is based thereon, and such proceeding is properly prosecuted by the State. There-

fore, the court did not err in overruling the demurrer to the condemnation petition.

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*