### 32042.  STATE HIGHWAY DEPARTMENT *v.* PEAVY.

DECIDED MAY 26, 1948.  REHEARING DENIED JUNE 18, 1948.

310

*Eugene Cook, Attorney-General, G. Y. Harrell, R. S. Wimberly, E. L. Reagan* and *Henry N. Payton, Assistant Attorneys-General,* for plaintiff.

*Dykes & Dykes,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) The defendant in error, Mrs. Daisy Holder Peavy, made a motion to dismiss the writ of error in this court on the ground that Stewart County, although a vitally interested party which had actually paid the award of the assessors in this case and would have to pay any further award, had not been made a party to the bill of exceptions. The only parties in the proceeding in the superior

court were the State Highway Department, who is the plaintiff in error here, and Mrs. Peavy. "The rule that all persons interested in sustaining the judgment complained of must be made parties to the bill of exceptions can not apply to a person not a party to the case in the trial court." *Chason* v. *Anderson*, 119 *Ga.* 495 (46 S. E. 629) ; *Continental Trust Co.* v. *Sabine Basket Co.*, 165 *Ga.* 591, 594 (141 S. E. 664) ; *Walker* v. *Ful-Kalb Co.*, 181 *Ga.* 563, 569 (183 S. E. 776) ; *Dillin* v. *United Roofing & Supply Co.*, 34 *Ga. App.* 316 (2) (129 S. E. 573) ; *Maryland Casualty Co.* v. *Salmon*, 45 *Ga. App.* 173 (164 S. E. 80) ; *Wadsworth* v. *Olive*, 53 *Ga. App.* 539, 541 (186 S. E. 590).

As a further contention under the motion, it is alleged that Stewart County was not served with a copy of the bill of exceptions, despite the interest of the county. In certain instances, although one is not a party to the case in the trial court nor named as a party in the bill of exceptions, notice is required. "If the proceedings in the court below shall be ex parte, and there is no opposite party, notice to no one is necessary. In cases of interpleader or otherwise, where the real contestant is not the opposite party on the record, notice shall be given to such real contestant in addition to the copy served as above." Code, § 6-916. In *Carter* v. *State*, 180 *Ga.* 578 (180 S. E. 110), a condemnation proceeding by the State against a Chevrolet truck seized under the provisions of Code § 58-207, where the intervenor excepted to a judgment sustaining a demurrer on behalf of the State, it was held that the two officers seizing the truck were the real contestants, each standing to receive a financial benefit from the proceeds of the sale of the truck, and that the State was only a formal and technical party, and as the record failed to show that either of the officers was served with the bill of exceptions, or an acknowledgment taken, the bill was dismissed. In that case the two officers were the real contestants as against the plaintiff in error and their interest was adverse to that of the plaintiff in error. That case relied upon the case of *Simpson* v. *Mathis*, 74 *Ga.* 115, where there was also a dismissal because notice was not given to the State, who was the real contestant there, and whose interest was adverse to the plaintiff in error. In the present case, although Stewart County may be the party who has paid the award of the assessors, and is the

party who will have to pay any additional award, the interest of Stewart County is the same as the State Highway Department, who is the plaintiff in error, and in this respect the case is distinguishable from *Carter* v. *State* and *Simpson* v. *Mathis*, supra. The provisions of Code § 6-916 are not applicable to a person not a party to the proceedings in the lower court, who is not a party in the appellate court, and whose interest in the case is not adverse to that of the plaintiff in error in the appellate court. The motion to dismiss the bill of exceptions is denied.

■ In special ground 1 of the motion, error is assigned on the refusal of the court to grant a continuance, upon motion of the condemnor, until a final determination of the case of Mrs. Daisy Holder Peavy v. State Highway Department is made, the same being a suit brought by Mrs. Peavy, as successor in title under will of her mother, for the cancellation of a deed by Mrs. Ione B. Holder to the State Highway Department, conveying the property sought to be condemned in the present case. That case had been tried by the same court just prior to the trial of the present case, and a judgment adverse to the State Highway Department had been rendered. Unless otherwise provided, all motions for continuance are addressed to the sound discretion of the trial judge under the provisions of Code § 81-1419, and this court will not disturb the ruling of the trial judge unless it appears that his ruling was a plain and palpable abuse of discretion.

There was no abuse of discretion in the present case, and the court did not err in refusing a continuance, nor in overruling this ground of the motion for a new trial.

■ The assignments of error in special grounds 2 and 3 of the motion, relating to rulings on evidence, are not discussed or urged in the brief of the plaintiff in error, and will be treated as abandoned.

■ In special ground 4 of the motion error is assigned on the comment of the court, during the cross-examination of E. W. Parrish, one of the assessors. The court said: "I can't think that is the criterion just to strip off four feet of land; it is a question of what it is worth in conjunction with the other property. My idea would be in order to determine the market value . . determine the entire value of the property and in proportion determine the value of that particular strip." The testi-

mony of the witness prior to this comment is not set out in the ground, nor in the line of questioning of counsel for the plaintiff in error, and the abstract comment, which was not addressed to the jury, does not appear to have been harmful or prejudicial. The court did not err in overruling this ground of the motion.

■ Counsel for the condemnee, in the presence of the jury, requested that the jury be permitted to view the property, whereupon counsel for the condemnor stated "We have no objection to this but we want the jury to go under the custody of the sheriff." The court ruled: "Nobody interested in the case will go with them." The jury, accompanied by the sheriff, was then permitted to inspect the property. Error is assigned in special ground 5 because the court did not, on his own motion, immediately retire the jury, or declare a mistrial, when counsel for condemnee made their request, and that it was error on the part of the court to permit the view by the jury without the presence of the judge, and without the condemnor or any party or counsel representing the condemnor being permitted to accompany the jury.

It does not appear that there was any objection to this procedure during the trial of the case, but on the contrary counsel for the condemnor assented to the procedure by consenting to the view, and by failing at the time to object to the ruling of the court prescribing the conditions under which the jury would be permitted to view the premises. Although it may have been improper for counsel for the condemnee to request the view in the presence of the jury, this in itself in this case is not shown to be harmful or prejudicial to the plaintiff in error. The presence of the judge at the view in such a case as this was not necessary. By their failure to object at the trial, counsel for the condemnor waived the right of a representative or counsel for the condemnor to be present at the view. See *Shahan* v. *American Telephone &c. Co.*, 72 *Ga. App.* 749, 751 (2) (35 S. E. 2d, 5), and citations.

The case of *Bostock* v. *State*, 61 *Ga.* 636, cited and relied upon by the plaintiff in error, was a criminal case and the court permitted the jury to view certain premises in the custody of two officers, and neither the judge nor the defendant was present at the view. The defendant in a criminal case is entitled to be

present at every stage of his trial. The ruling in the *Bostock* case does not require a different ruling from the one made in the present case.

The court did not err in overruling this ground of the motion:

■ The charge of the court on the measure of damages was as follows: *"Under our law it does not matter how much the property may be benefited by the taking of part of it and paving streets and sidewalks.* Of course, if there is no damage, the party condemning the property would not have to pay any benefits, although, it might appear there was no damage to the property, consequential or otherwise, but that it was a benefit, but the right-of-way that the condemnor would be required to pay [for] is for lands actually taken, the market value of the land actually taken, and in addition to that, if in the taking of that land the construction of the highway and sidewalks adjacent to it, the property owner from which the lands were taken suffers any consequential damages, then if it reduced the market value of the property, if it was reduced in market value, that would be known as consequential damages and the landowner would have the right to recover in addition to the land taken such consequential damages and the jury would be required to consider whether, when this road is finished and so forth, sidewalks built, whether there will be any consequential benefits flowing to the property and, after they have determined whether there has been any consequential benefit, if they should determine that there has been consequential damages, then they would, of course, compare one with the other and say which is in excess of the other.

"If there were consequential damages and consequential benefits, if the benefits were equal to or exceed the value of the damage then there would be no recovery on those two items and the jury would address itself only to the value of the market value of the land actually taken at the time it was taken.

"So these are questions of fact for you to settle. You are not bound by the evidence of any of the witnesses as to the value of that property but you take all the circumstances of the case, including your view of the premises, and determine for yourselves what the market value of that four-foot strip of land 225 feet in length is worth, that is the market value of it, and it

would be your duty to allow this owner here a verdict for that value. If you find that she has been damaged consequentially, that is the market value of the other property has decreased or diminished by reason of the taking of that land adjacent to the home, then you would determine what that damage is, that is consequential damage.

"Then if you should determine that after the completion of the road there will be benefits flowing to the landowner from the completion of this road, then you would determine the amount of such consequential benefits and, as I stated, if you should believe one offset the other, that is the benefits and consequential damage, then there would be no recovery on that item at all and you would only give a verdict for the market value of the land taken. If however, you should believe that the consequential damage to the remainder of the property is in excess of these consequential benefits that you find, that is if you don't find any consequential benefits and do find consequential damages, then she would be entitled to the full amount of the consequential damages, but if there are consequential benefits and consequential damages, and the consequential damages are in excess of the consequential benefits, the difference would be the amount she would be entitled to recover and, *if you find anything for consequential damages, you will add that on the amount that you find for the value of the land taken and let it all be in one lump sum.*"

In special grounds 6 and 7 error is assigned on those portions of the charge which are italicized. "The assessors, or a majority of them, shall assess the value of the property taken or used, or damage done, and shall also assess the consequential damages to the property not taken, and deduct from such consequential damages the consequential benefits to be derived by the owner from the operation of its franchise by the corporation, or by the carrying on of the business of the corporation or person taking or damaging the property: Provided, the consequential benefits assessed shall in no case exceed the consequential damages assessed; Provided further, that nothing in this section shall be so construed as to deprive the owner of the actual value of his property so taken or used." Code, § 36-504. "In estimating the value of land when taken for public uses, it is not restricted

to its agricultural or productive qualities, but inquiry may be made as to all other legitimate purposes to which the property could be appropriated." Code, § 36-505. "Prospective and consequential damages resulting therefrom may also be taken into consideration, if the same are plain and appreciable; and on the other hand, the increase in the value of the land from the proposed public improvement may be considered, but in no case shall the owner be deprived of the actual damages by such estimated increase." § 36-506.

The foregoing Code sections state the correct measure of damages in a case such as this. When observed as a whole, it appears that the court gave a correct charge of the law applicable to the measure of damages in a condemnation proceeding; and the court did not err in overruling these grounds of the motion for a new trial. See *State Highway Board* v. *Bridges*, 60 *Ga. App.* 240 (3 S. E. 2d, 907).

■ There is evidence to support the verdict, no reversible error of law appears, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*