### 33118. ALFORD *v.* STATE OF GEORGIA.

SUTTON, C. J. Brantley Edwards, the Solicitor of the City Court of Polk County, instituted a condemnation proceeding for the State of Georgia in said court under the provisions of the Code, § 58-207, by filing therein, on August 1, 1949, a petition alleging the seizure of a described 1947 Buick station wagon by certain arresting officers, Troopers L. F. Butler and H. E. Barnes, and Deputy Sheriff W. P. Harper, on July 29, 1949, while it was being used for the transportation of liquors and beverages on a public road in Polk County in violation of the law of Georgia, the vehicle being owned by Jack Robert Wiggins, who knew that it was being used at said time for said purposes. The alleged owner was personally served with a copy of the petition, but filed no defense, and after the case was in default and so marked on the docket, judgment was entered on September 1, 1949, condemning the vehicle and providing for the advertisement and sale thereof. Thereafter, on September 9, 1949, C. J. Alford filed an intervention, alleging an interest in the vehicle and that any illegal use of the same was without his knowledge, connivance, or consent, and on motion by the State his intervention was stricken by order of the court, on April 7, 1950, on the ground that it showed that he acquired an interest in the vehicle on August 24, 1949, after its seizure. He excepted to this judgment, bringing the case here. No parties are named in the bill of exceptions, but the Solicitor of the City Court of Polk County acknowledged service of a copy of the same. This is the only indication in the record of service or acknowledgment of service of the bill of exception. *Held:*

The acknowledgment of service by the solicitor was for the State, which was only a formal or technical party to the proceeding, but the officers making the seizure were necessary parties in this court, having an interest in the proceeds to be derived from the sale of the vehicle, as provided in the Code, § 58-207, as amended, and therefore being in-

terested in sustaining the judgment of the lower court, and, under the provisions of the Code, § 6-916, a copy of the bill of exceptions should have been served on each of the officers having an interest in the proceeds to be derived from the sale of the vehicle, or his attorney, or an acknowledgment of service taken, and the record showing only an acknowledgment of service taken for the State, this court is without jurisdiction to entertain the writ of error and the same must be dismissed. This identical question was passed on by the Supreme Court in the case of *Carter* v. *State of Georgia,* 180 *Ga.* 578 (180 S. E. 110), and it was there ruled that the seizing officers were interested in sustaining the judgment condemning the vehicle and that they were necessary parties and that service of the bill of exceptions should be had on them or an acknowledgment of service of same by them. That decision is in point and is controlling here.

*Writ of error dismissed. Felton and Worrill, JJ., concur.*

DECIDED JULY 7, 1950.

*Henry A. Stewart,* for plaintiff in error.
*Brantley Edwards, Solicitor,* contra.