## 34318. State of Georgia v. Weaver.

Carlisle, J. 1. (a) A proceeding for the condemnation of a vehicle used in illegally transporting prohibited liquors and beverages is properly brought in the name of the State of Georgia. *Thompson* v. *State of Georgia,* 74 *Ga. App.* 821 (41 S. E. 2d, 583).

(b) "The rule that all persons interested in sustaining the judgment complained of must be made parties to the bill of exceptions can not apply to a person not a party to the case in the trial court." *Chason* v. *Anderson,* 119 *Ga.* 495 (46 S. E. 629).

(c) The provisions of Code § 6-916 are not applicable to a person not a party to the proceedings in the lower court, who is not a party in the appellate court, and whose interest in the case is not adverse to that of the plaintiff in error in the appellate court. *State Highway Department* v. *Peavy,* 77 *Ga. App.* 308 (48 S. E. 2d, 478); *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (1) (178 S. E. 659). Nothing to the contrary is held in *Alford* v. *State of Georgia,* 82 *Ga. App.* 79 (60 S. E. 2d, 431), or in *Carter* v. *State of Georgia,* 180 *Ga.* 578 (180 S. E. 110).

(d) Consequently, where, in a case, as here, involving the condemnation of a vehicle allegedly used in illegally transporting prohibited liquors and beverages, and brought in the name of the State of Georgia, in which the arresting officer was not made a party in the trial court, and the trial court finds in favor of the intervenor and against condemnation of the vehicle, it is no ground for dismissal of the bill of exceptions by this court that the arresting officer was not made a party in this court. His interest is not adverse to that of the State of Georgia as plaintiff in error. It follows that the motion to dismiss the bill of exceptions on that ground must be denied.

2. "Under the prohibition act approved March 28, 1917 (Ga. L. Ex. Sess., 1917, pp. 7, 17), providing for the condemnation of vehicles engaged in the transportation, along the public roads or private ways of this State, of liquors or beverages the sale or possession of which is prohibited by law, only a court having jurisdiction in the county where the vehicle is seized has jurisdiction of the condemnation proceedings. It follows, therefore, that in order to confer jurisdiction upon the court in which condemnation proceedings are instituted against such a vehicle under this act, it must affirmatively appear that the vehicle was seized within the county over which the court has jurisdiction." *Avera* v. *State of Georgia,* 25 *Ga. App.* 276 (103 S. E. 94); *Johnoff* v. *State of Georgia,* 30 *Ga. App.* 316 (117 S. E. 764); and see *Bowman* v. *Davis,* 51 *Ga. App.* 478 (180 S. E. 917). Consequently, in this case, where it affirmatively appears that the automobile sought to be condemned was seized in Fulton County, the trial court in DeKalb County did not err in sustaining the intervention to the condemnation proceeding on the ground that that court did not have jurisdiction of the proceeding, the venue of the case being in Fulton County, and did not err in overruling the State's motion for a new trial, based solely on the general grounds and on an assignment of error on the court's finding as to venue.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

Decided November 8, 1952.

*Walter McCurdy, Hubert Morgan,* for plaintiff in error.
*Robert T. Efurd, Calhoun A. Long Jr.,* contra.