38118. GRINSTEAD, Supervisor *v.* PURVIS.

DECIDED MAY 10, 1960.

Eugene Cook, Attorney-General, Ariel V. Conlin, Deputy Assistant Attorney-General, Sheldon Cook Dorough, for plaintiff in error.

W. O. Purser, contra.

BELL, Judge. The Motor Vehicle Safety Responsibility Act (Ga. L. 1951, p. 565 as amended, and contained in Code, Ann., § 92A-608) covers the matter here at issue and provides, as to matters relevant to this problem, the following: On conviction or plea of guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquors, it shall be mandatory on the Director to revoke said operator's license for a period of three years. The section further provides that the Director may reinstate the license of an operator whose license has been revoked under the above provisions only in event said operator has qualified as a self-insurer, produces evidence to to the Director that he has obtained a policy of liability insurance, produces evidence that he has obtained a surety bond, on proof of financial responsibility by an employer on behalf of an employee, or proof

of financial responsibility given by the owner of a motor vehicle on behalf of a member of the family.

This section in substance, then, makes revocation of a driver's license mandatory on the conviction of driving a motor vehicle while under the influence of intoxicating liquors, and provides that the revocation may be revoked and the license reinstated only on certain required arrangements under which the licensee will be financially responsible through insurance, surety bond, self-insurance, employer responsibility, or car owner's responsibility.

The evidence introduced in the superior court establishes without question that the licensee was convicted in a superior court for driving under the influence of intoxicating liquor and this was admitted by the licensee. There was little evidence introduced other than the statement of the licensee in which he presents the importance to him, in his work and possible future work, of having a driver's license. However, no evidence shows that the licensee had qualified as a self-insurer or that he obtained a policy of liability insurance, that he had obtained a surety bond, or complied with any of the financial responsibility requirements of the law, as these are the only grounds upon which a license may be reinstated after conviction of the offense of driving under the influence of intoxicating liquor. There was no basis for reinstating the license even to the limited extent of being permitted to drive and operate an automobile for business purposes only. The proper exercise of judicial discretion in a case such as this necessarily is dependent on the licensee's having first complied with the conditions precedent as expressed in the statute.

The order of the judge of the superior court reinstating the driver's license of Julius Caesar Purvis for the purpose of driving and operating an automobile for business purposes only is hereby

*Reversed. Felton, C. J., and Nichols, J., concur.*