40467. MALONE, acting Director, etc. v. CLARK et al.

Bell, Presiding Judge. *On application brought in this court by counsel for plaintiff in error, the name of the successor in office has been substituted for that of the predecessor official who has been displaced.*

This action was brought to condemn certain property allegedly used illegally in hunting deer at night. The cause is based on the authority announced in Ga. L. 1963, p. 215, *Code Ann.* § 45-529. The point in issue is whether the suit was brought properly in the name of the one serving as Director of the Game and Fish Commission of the State of Georgia. The court below, having concluded that the proper party plaintiff was the State of Georgia and not the party as named, dismissed the action on general demurrer. *Held:*

The trial court erred in sustaining the general demurrer and in dismissing the petition.

Although the appellate courts have not rendered a decision on the point in issue, as it applies specifically to the Act of 1963 amending the general provisions governing hunting, the germane language of the Act is strikingly similar to that found in Ga. L. 1917, Ex. Sess., p. 16, as amended (*Code Ann.* § 58-207), which authorizes the condemnation of vehicles used in the transporting of illegal alcoholic beverages. Numerous decisions have been delivered by both appellate courts regarding the latter.

The statute with which we are concerned, Ga. L. 1963, p. 216 (*Code Ann.* § 45-529), provides that, "The Director . . . shall institute proceedings by petition in the superior court" for the condemnation of the property. The language of the Act dealing with the transporting of illegal liquor (*Code Ann.* § 58-207) requires the officer seizing the property to report the seizure "to the solicitor . . . whose duty it shall be . . . to institute condemnation proceedings . . . by petition." The latter language, initially used in the Act of 1917 (Ga. L. 1917, Ex. Sess., p. 16) has remained unchanged by amendatory laws. As it is apparent that there is no material difference in the pertinent language of the two statutes, we may look to the appropriate judicial precedents rendered on the one to govern the other.

The Supreme Court in *Mack v. Westbrook*, 148 Ga. 690, 698 (98 SE 339), stated that: "It is also objected that the plaintiff had no legal capacity to sue; that the proceeding should have been in the name of the State against 'one Ford automobile.' The proceeding was commenced by petition in the name of Mr. Westbrook as Solicitor of the City Court of Albany. The prayer was for the condemnation of the particular vehicle, as provided by statute. This is a very plain

statement of the capacity in which the plaintiff sues, and could not have misled anyone of common understanding. This, we think, is sufficient in the case, there being no special demurrer attacking the petition upon the ground indicated, though the point is urged in the brief. We are not called upon, therefore, to decide whether the plaintiff in his name as solicitor of the court had legal capacity to sue (see provisions of the Act and section 5510); but we suggest that the proceeding, in the nature of an information, should properly be filed in the name of the State." The petition here reads as follows: "The petition of [the one serving in the office], as Director of the Game and Fish Commission of the State of Georgia, respectfully shows: 1. Petitioner is the duly appointed and qualified Director of the Game and Fish Commission of the State of Georgia and brings this petition in his official capacity as Director and not as an individual." The petition contains a prayer that, "The court decree that said vehicle and firearms be forfeited to the State." Furthermore, the petition sets forth in sufficient detail the events leading to the seizure of the property and identifies the statute which prohibits the acts enumerated and which authorizes the seizure and condemnation of the property used in the illegal acts. As in *Mack*, there is here "a very plain statement of the capacity in which the plaintiff sues, [which] could not have misled anyone of common understanding" and which, in absence of a special demurrer, is sufficient.

In full agreement with the obiter in *Mack*, we feel impelled to add that the better practice indicates that actions such as this would be more properly brought in the name of the State. Despite this, however, in addition to the holding in *Mack*, there are far too many precedents extant where condemnation proceedings brought in the name of an authorized official were honored for various purposes on appeals for us to affirm the dismissal of this petition. See *Lang v. Hitt*, 149 Ga. 667 (101 SE 795); *Gates v. State*, 149 Ga. 472 (101 SE 769); *State of Ga. v. Killens*, 149 Ga. 735 (101 SE 911); *Atkins v. Manning*, 206 Ga. 219 (56 SE2d 260).

The decision in *Thompson v. State of Ga.*, 74 Ga. App. 821 (41 SE2d 583), follows the obiter in *Mack* and holds that it is proper also to bring an action such as this in the name of the State as the party plaintiff. *Thompson* does not preclude a sanctioned action being brought in the name of an authorized

official. Appraising *Mack* and *Thompson* together, the conclusion emerges that an action such as this may be brought in the name of the State or in the name of the authorized official in his official capacity in the absence of special demurrer, but in either situation the result is the same, the suit is an action brought on behalf of the State. See *Code* § 3-103.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

DECIDED FEBRUARY 13, 1964.

*Eugene Cook, Attorney General, William L. Grayson, Assistant Attorney General,* for plaintiff in error.

*W. Joe Patterson, Jr.,* contra.