40516. ARMSTRONG v. LAMB.

DECIDED MARCH 9, 1964.

*Eugene Cook, Attorney General, William L. Grayson, Assistant Attorney General,* for plaintiff in error.

PANNELL, Judge. "The Department of Public Safety" was created and established by an Act of the legislature in 1937 (Ga. L. 1937, p. 322, Art. I, § 1, which article and section was amended by the Acts of 1943, p. 196, § 1). *Code Ann.* § 92A-101 now provides that the Department of Public Safety shall be composed of the Governor, the Attorney General, the Adjutant General, the Chairman or executive officer of the State Highway Department, the Comptroller General and two members to be selected by the Governor from among the sheriffs and peace officers of Georgia. The Act of 1939, pp. 135-141, as amended by the Act of 1943, pp. 196-201, gives the Director of Public Safety discretion to revoke driver's licenses upon receiving the record of conviction of certain offenses. Under Art. IV, § 11 of the Act of 1937, pp. 322-349, as amended (*Code Ann.* §§ 92A-422, 92A-423), it is also provided that upon refusal, suspension, revocation or cancellation of any license referred to therein, "a hearing shall be granted on demand before any agent of the Department of Public Safety authorized by the Director to hear the same," and that this determination shall be final unless the person whose license was affected shall desire an appeal, in which case he shall have the right to enter an appeal "to the court of the county of his residence, other than a Justice's Court, having jurisdiction of misdemeanor cases." By the Acts of 1951, p. 565, et seq., commonly known as the Motor Vehicle Safety Responsibility Act, the Director of Public Safety is required to revoke, or suspend, licenses for certain periods upon conviction of certain offenses and in other offenses is given discretionary power. See

*Code Ann.* § 92A-608. In this same Act of 1951, p. 567 (*Code Ann.* § 92A-602), it is provided that the Director "shall provide for hearings upon request of persons aggrieved by orders or acts of the Director under the provisions of this Act," and that the decision as rendered by the Director shall be final unless the aggrieved person shall desire an appeal, in which case he shall have the right to enter an appeal to the superior court of the county of his residence.

Where an appeal is entered under either of the above provisions, and the court on appeal reverses the action of the director, a named individual, as Supervisor of the Bureau of Safety Responsibility of the Department of Public Safety of the State of Georgia, is not a party aggrieved by such ruling, even though he might have been the officer in the Department of Public Safety who signed the notice suspending the driver's license in the instant case, and even though he was the party who signed the order providing for the hearing before a member of the State Highway Patrol. Such party being the only party named as plaintiff in error in the present case, and not being a proper party plaintiff in error, the bill of exceptions must be dismissed, and under these circumstances the bill of exceptions cannot be amended to insert the name of one entitled to sue out the writ. See *Georgia Music Operators Assn. v. Fulton County,* 184 Ga. 348 (4) (191 SE 117); *Code* § 6-1304. The present case is not one involving the adding by amendment of the name of a nominal plaintiff in error as was involved in the case of *Jones v. Reed,* 58 Ga. App. 72 (1) (197 SE 665). In *Grinstead v. Purvis,* 101 Ga. App. 625 (115 SE2d 212), an appeal involving the revocation of a license under the Motor Vehicle Safety Responsibility Act, this court entertained a bill of exceptions to the ruling of the appeals court wherein the identical officer, though a different person, was named plaintiff in error. It does not appear that any question was raised in that case as to the jurisdiction of the court, and that case, at most, is a physical precedent only. In two cases where the aggrieved license holder brought his case to this court the defendant in error in one case was designated the Department of Public Safety, *Watson v. Department of Public Safety,* 66 Ga. App. 633 (18 SE2d 789),

and in the other, the defendant in error was designated as the then Director of the Department of Public Safety of the State of Georgia, *Trowbridge v. Dominy*, 92 Ga. App. 177 (88 SE2d 161). In neither of the latter two cases was any question made or presented as to the defendant in error being a proper party; they are, therefore, mere physical precedents. Whether or not the State of Georgia would have been a proper party plaintiff in error it is not necessary to decide in the present case. See, in this connection, *Malone v. Clark*, 109 Ga. App. 134 (135 SE2d 517). There being no proper plaintiff in error in this court, the bill of exceptions must be

*Dismissed. Felton, C. J., and Frankum, J., concur.*